J-S28039-16

2016 PA Super 135

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EARL JOHNSON, | |
| Appellant | No. 2001 EDA 2015 |

Appeal from the Judgment of Sentence November 10, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009452-2011

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

OPINION BY PLATT, J.:                    **FILED JUNE 27, 2016**

Appellant, Earl Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas (CCP) following his conviction, after a trial *de novo*, of possession of a small amount of marijuana.[1]  On appeal, Appellant challenges the denial of his motion to suppress evidence by the Municipal Court of Philadelphia (Municipal Court). After careful review, we conclude that Appellant has waived his issue and affirm the judgment of sentence.

We take the following relevant facts and procedural history from the CCP's June 24, 2015 opinion and our independent review of the certified

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(31).

record. On September 3, 2009, at approximately 11:15 a.m., Philadelphia Police Officer Michael Haas and his partner, Officer Sliner,[2] were directed over police radio to respond to an incident at an apartment building. Upon arrival at the scene, while waiting for an elevator in the lobby, the officers encountered Appellant, whom Officer Haas recognized from a previous arrest. Without provocation, Appellant began yelling and cursing at the officers. In response, Officer Haas asked Appellant if he lived in the building and requested that he produce identification. Appellant removed a large bundle of mail from his pants pocket; the bundle included one small bag of marijuana. The officers arrested him for the marijuana possession.

On July 28, 2011, Appellant was tried in the Municipal Court.[3] Prior to trial, Appellant submitted a motion to suppress evidence, which the Municipal Court denied.[4] The Municipal Court convicted Appellant of possession of a small amount of marijuana, and sentenced him to thirty days' probation.

---

[2] Officer Sliner's first name is not apparent from the record.

[3] The record of the proceedings that took place in the Municipal Court is not included in the certified record transmitted to this Court on appeal.

[4] Philadelphia Court Criminal Division Rule 630 governs pre-trial applications to suppress evidence in municipal court cases. *See* Phila. Co. Crim. Div. Rule 630. Section D of the Rule provides that in such cases, pre-trial applications to suppress shall be heard on the same day set for trial, and the judge hearing the application "will hear the same as a Common Pleas Court Judge." *Id.* at (D).

On August 17, 2011, Appellant filed a *de novo* appeal to the CCP. At the conclusion of Appellant's November 10, 2014 *de novo* bench trial, the court found him guilty of the above-stated offense. It sentenced him to time served. Appellant did not file any post-trial or post-sentence motions. On November 20, 2014, he filed the instant, timely appeal.[5]

Appellant raises one question for our review: "Did not the [Municipal] [C]ourt err in failing to suppress the physical evidence where [A]ppellant was subjected to an investigative detention that was not supported by reasonable suspicion?" (Appellant's Brief, at 3).

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

---

[5] Pursuant to the CCP's order, Appellant filed a timely concise statement of errors complained of on appeal on June 4, 2015. *See* Pa.R.A.P. 1925(b). The court entered an opinion on June 24, 2015, in which it stated its determination that Appellant's issue on appeal is waived. *See* Pa.R.A.P. 1925(a); (*see also* Trial Court Opinion, 6/24/15, at 6).

*Commonwealth v. Best*, 120 A.3d 329, 346 (Pa. Super. 2015) (citations omitted).

Before we may address the merits of Appellant's claim, we must determine whether he has properly preserved it for appellate review. For the following reasons, we agree with the CCP that he has not. (*See* Trial Ct. Op., at 3, 6).

> An appellant convicted in Philadelphia's Municipal Court has two appellate options.
>
>> Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas. This Court has held that when a defendant files a petition for a writ of *certiorari*, the Philadelphia Court of Common Pleas sits as an appellate court.
>
> *Commonwealth v. Coleman*, 19 A.3d 1111, 1118–19 (Pa. Super. 2011) (citations omitted). "**A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record**; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." *Commonwealth v. Menezes*, 871 A.2d 204, 207 n.2 (Pa. Super. 2005). These options are mutually exclusive. Pa.R.Crim.P. 1008(A) ("The notice [of appeal from a Municipal Court ruling] shall state which method of review is being sought in the court of common pleas by indicating whether it is a notice of appeal or notice of a petition for a writ of *certiorari*.").

*Commonwealth v. Beaufort*, 112 A.3d 1267, 1269 (Pa. Super. 2015) (emphasis added).

"A trial *de novo* is generally limited to a relitigation of guilt or innocence only," and a defendant is not entitled to relitigate pre-trial

- 4 -

motions. ***Commonwealth v. Douglass***, 701 A.2d 1376, 1379 (Pa. Super. 1997) (citation omitted). Therefore, "a defendant [can] not relitigate at the trial *de novo* issues raised, or which could have been raised, at the Municipal Court suppression hearing." ***Commonwealth v. Dobson***, 405 A.2d 910, 914 (Pa. 1979).

This bar on relitigation of pre-trial suppression motions at trials *de novo* is codified in Philadelphia Court Criminal Division Rule 630(G), which provides:

> Unless specially allowed in accordance with subsection (d) of this Rule, the trial *de novo* shall not include relitigation of the application to suppress. A defendant may seek a review of the record of the suppression hearing heard on the day set for Municipal Court trial as part of a Writ of *Certiorari*.

Phila. Co. Crim. Div. Rule 630(G).

Here, instead of petitioning for a writ of *certiorari* following his Municipal Court conviction, which would have permitted CCP review of the suppression motion, Appellant pursued a trial *de novo*, thereby precluding relitigation of the suppression issue at trial. ***See id.***; ***see also Dobson***, ***supra*** at 914; ***Douglass***, ***supra*** at 1379. However, as the CCP explained, Appellant was not deprived entirely of a means of trial court review of his suppression motion by seeking a trial *de novo*. (***See*** Trial Ct. Op., at 5-6). Specifically, Philadelphia Court Criminal Division Rule 630(H) provides a mechanism for such review **after** the trial *de novo*. The rule states:

> In the event a defendant is convicted after appeal and trial *de novo* in the Common Pleas Court, a defendant may raise in an

- 5 -

application for a Motion for a New Trial the admissibility of the evidence introduced at trial. **If the evidence so challenged was the subject of an application to suppress heard prior to Municipal Court trial, the Court shall review the transcript and decision of the suppression hearing as part of the Common Pleas Court record**.

Phila. Co. Crim. Div. Rule 630(H) (emphasis added).

Therefore, in the instant case, following his trial *de novo* and conviction in the CCP, Appellant could have sought the CCP's review of the Municipal Court's suppression ruling by filing a motion for a new trial. ***See id.*** However, because Appellant did not file a motion for a new trial, the CCP never "review[ed] the transcript and decision of the suppression hearing as part of the Common Pleas Court record." ***Id.*** Thus, there is no record on the suppression issue in the CCP for this Court to review. In light of Appellant's failure to adhere to procedural rules regarding pre-trial suppression motions and the consequent absence of a record and determination on the suppression issue in the CCP, we conclude that Appellant has failed to preserve his suppression claim for appellate review.

Furthermore, with respect to Appellant's passing reference to Pa.R.Crim.P. 720(B)(1)(c) in a footnote as a basis to avoid waiver, (***see*** Appellant's Brief, at 5 n.1), we conclude that his perspective is flawed. Pursuant to this Rule, "Issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion on those issues." Pa.R.Crim.P. 720(B)(1)(c). While not specifically argued, the implication of Appellant's reference to Rule 720 is

that, having filed a motion to suppress at the outset of the Municipal Court proceeding, he "raised" the issue prior to the *de novo* bench trial in the court of Common Pleas, and therefore the issue is preserved. We disagree.

Generally, the purpose of a local rule is to supplement the statewide rules rather than supplant them. To the degree that application of a local rule contradicts the explicit function of a statewide rule, the local rule must be subservient. **See** Pa.R.Crim.P. 105(B) ("Local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly"). Pursuant to Pa.R.Crim.P. Rule 1000(B), which outlines the scope of the chapter governing the Philadelphia Municipal Court, "Any procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule."

Instantly, the relevant procedures are covered specifically by Pa.R.Crim.P. 1006(1)(a), which governs appeals from the Philadelphia Municipal Court, and Philadelphia Rule 630(G) and (H), regarding the trial court's review of the Municipal Court's suppression ruling. Hence, consistent with Rule 1000(B), the procedures for challenging the Municipal Court's denial of Appellant's motion to suppress in the case at bar are governed by Pa.R.Crim.P. 1006(1)(a) and the authorized local rules but not any other statewide rule, including Rule 720(B)(1)(c).

The inapplicability of Rule 720(B)(1)(c) is unmistakable in light of the fact that the rule is intended to avoid **resubmitting** an issue for the trial court's consideration. *See* Comment to Rule 720 *Optional Post-Sentence Motion*. The present case is not a typical situation that involves a litigant's decision whether to revisit an issue in a post-sentence motion that was previously asserted before the trial court. In contrast to that procedural scenario, wherein the trial court had the opportunity to rule on the issue in the first instance, Appellant's failure to comply with the applicable statutory framework precluded the trial court from reviewing the Municipal Court's suppression determination at all. Stated plainly, without compliance with Rule 630(H), the trial court will never address the suppression issue following trial *de novo*.

In sum, Rule 720(B)(1)(c) is inapplicable to the instant situation and cannot serve as a basis to avoid waiver. Accordingly, because Appellant waived his sole issue on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2016