J-A17026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                                          :

             v.                                    :
                                          :
                                          :

RUDY BURGESS                           :
                                          :
                   Appellant            :     No. 2299 EDA 2016

Appeal from the Judgment of Sentence February 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005585-2015

BEFORE:    GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:           **FILED SEPTEMBER 14, 2017**

Appellant, Rudy Burgess, appeals from the judgment of sentence of six to twelve months of incarceration followed by two years of probation, imposed February 18, 2016, following a waiver trial resulting in his conviction for conspiracy, possession with intent to deliver (PWID), and knowing and intentional possession of a controlled substance without a valid prescription.[1] We affirm.

We adopt the following pertinent facts from the trial court's 1925(a) opinion, which in turn is supported by the record:

     At the Appellant's trial, Police Officer Richard Nicoletti testified

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Respectively, 18 Pa.C.S. § 903, 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16).

that on November 4th, 2014, at approximately 1:55 p.m., his tour of duty took him, Officer Devoe, and Sergeant Shuck to the location of the 500 block of Vankirk Street in the city and county of Philadelphia. Officer Nicoletti observed the Appellant with another male, later identified as Calvin Hayes, and observed both men walking down the driveway. [Hayes] was on his cell phone as they were walking. An unknown white male came out of a house that abutted on the driveway. The unknown white male then had a brief conversation, talking in the direction of both [Hayes] and the Appellant. Officer Nicoletti testified that he believed that the white male was primarily dealing with [Hayes]. Following the brief conversation, the unknown white male gave money to [Hayes]. [Hayes] produced a pill bottle from his person and provided pills to the unknown white male. The unknown white male went back into the house. Police did not go to that house or try to find the unknown white male who went out and into that house.

Officer Nicoletti testified that based on his observations, experience, and the prior drug activity in the neighborhood he believed a drug transaction had taken place. During the motion to suppress, Officer Nicoletti testified he has been a narcotics officer for over twenty-two years. During his twenty-two years of experience in narcotics investigation throughout Philadelphia, Officer Nicoletti has conducted [many] related narcotics surveillances. More specifically, Officer Nicoletti testified that he has observed on hundreds of occasions prescription pills being sold and on numerous occasions purchased the same pills in an undercover capacity as those recovered from [Hayes] and the Appellant. Based on this experience, Officer Nicoletti testified it was clear that pills were sold to the unknown white male.

Officer Nicoletti stopped the Appellant and [Hayes] for investigation. Officer Nicoletti searched [Hayes] and found a pill bottle that had the Appellant's name, Rudy Burgess, on it that contained twenty five suspected alprazolam[2] pills. Also recovered from [Hayes] was $32 United States currency. After finding the pill bottle from [Hayes] with the Appellant's name on it, Officer Cleaver then searched the Appellant and also made a recovery. Officer Cleaver recovered an additional pill bottle from

_____

[2] Alprazolam is the generic form of Xanax.

the Appellant that displayed the Appellant's name, Rudy Burgess. The pill bottle found on the Appellant contained five pills that were all alprazolam, but three of the pills were one brand and two of the pills were another brand. Both men were then placed under arrest.[3]

All of the items recovered from the Appellant and [Hayes] were placed on property receipts. Officer Nicoletti submitted the pills recovered from [Hayes] and the Appellant to the police chem lab for analysis. At trial it was stipulated between the Commonwealth and Defense Counsel that the pills were tested and the positive presence of alprazolam, a schedule IV narcotic, was found.

Trial Ct. Op. (TCO), 11/7/2016, at 3-4.

On June 1, 2015, Appellant moved to suppress the search for lack of reasonable suspicion to search his person and lack of probable cause for his arrest pursuant to the Fourth and Fourteenth Amendments of United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. *See* Notes of Testimony (N.T.), 6/1/2015, at 4. Appellant's motion to suppress was denied. Thereafter, Appellant waived arraignment, entered a plea of not guilty, and proceeded to a municipal court trial. After admitting items into evidence, the municipal court judge found Appellant guilty of all charges. *See id.* at 26. On the same day, Appellant was sentenced by the municipal court to twelve months of probation. *See id.* at 31.

_____

[3] Officer Nicoletti testified that after a pill bottle with Appellant's name on it was found on Hayes' person, **then** "[Appellant] was arrested and searched as well[.]" Notes of Testimony (N.T.), 6/1/2015, at 9. The suppression court found that the circumstances and pill bottle found on Hayes' person with Appellant's name on it "amount[ed] to probable cause permitting [Appellant's] arrest and search incident to arrest." *Id.* at 24.

On June 2, 2015, Appellant timely filed a notice of appeal for a trial *de novo* in the Philadelphia Court of Common Pleas. On July 6, 2015, Appellant filed a pre-trial motion to suppress all evidence allegedly seized in violation of his constitutional rights. In August 2015, Appellant filed a second motion to suppress the evidence. Following a brief trial (where all evidence was admitted), Appellant was found guilty of all charges. Appellant was sentenced as described above on February 18, 2016.

Appellant timely filed a post-sentence motion for acquittal based on the sufficiency of the evidence presented a trial, or in the alternative, for a new trial because the verdict was against the weight of the evidence. On June 27, 2016, the trial court issued an order denying Appellant's post-sentence motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c).

Appellant timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. Thereafter, the trial court issued a responsive opinion. On appeal, Appellant raises the following issues:

I. Did the trial court err in denying [Appellant's] motion to suppress the search of his person where the arresting officer had neither probable cause to arrest [Appellant] nor reasonable suspicion to perform a **Terry**[4] frisk where [Appellant] was "just standing there" next to someone who engaged in a transaction for unknown objects.

II. Was the evidence insufficient to prove criminal conspiracy because [Appellant] was merely present when another person engaged in a transaction for unknown objects?

_____

[4] **See Terry v. Ohio**, 392 U.S. 1 (1968).

III. Was the evidence insufficient to prove PWID because [Appellant] was merely present when another person engaged in a transaction for unknown objects?

IV. Did the court abuse its discretion by denying [Appellant's] motion for a new trial because the verdict was against the weight of the evidence?

Appellant's Br. at 9.

Preliminarily, we note that Appellant did not properly preserve his first issue and risks waiver. *See Commonwealth v. Johnson*, 146 A.3d 1271, 1274 (Pa. Super. 2016).[5] However, the record reveals that Appellant filed two pre-trial motions to suppress in Common Pleas Court.[6] Further, Appellant preserved the issue in his 1925(b) statement. *See* Appellant's

_____

[5] Here, Appellant failed to raise the suppression issue in a motion for a new trial following his trial *de novo* pursuant to Rule 630(H). In *Johnson*, this Court found the appellant's argument waived due to failure to follow Phila. Co. Crim. Div. Rule 630(H), which states:

> In the event a defendant is convicted after appeal and trial *de novo* in the Common Pleas Court, a defendant may raise in an application for a *Motion for a New Trial* the admissibility of the evidence introduced at trial. If the evidence so challenged was the subject of an application to suppress heard prior to Municipal Court trial, the Court shall review the transcript and decision of the suppression hearing as part of the Common Pleas Court record.

*Johnson*, 146 A.3d at 1274 (quoting Phila. Co. Crim. Div. Rule 630(H)).

[6] The Common Pleas Court did not rule on these motions, nor was it required to do so. *See Johnson*, 146 at 1274 ("A trial *de novo* is generally limited to a relitigation of guilt or innocence only, and a defendant is not entitled to relitigate pre-trial motions.") (internal quotation marks omitted).

1925(b) Statement, 10/24/2016, at ¶ 1. Thereafter, the trial court's 1925(a) opinion addressed the issue by reviewing the transcript and the decision of the municipal court's suppression proceedings. Finally, the Commonwealth asserts no objection or argument for waiver. **Cf. Johnson**, **supra**. For these reasons, we decline to find waiver.

In his first issue, Appellant contends that the trial court erred in denying his motion to suppress where "the arresting officer had neither probable cause to arrest him nor reasonable suspicion to perform a **Terry** frisk[.]" Appellant's Br. at 14. Appellant does not challenge the fact that he was subject to an investigatory detention.[7] Rather, he contends that the Commonwealth presented no evidence at the suppression hearing that would justify a reasonable person concluding that Appellant had committed a crime to establish probable cause for his arrest at the time of the search. **Id.** at 17.

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. [W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based

---

[7] Appellant does not challenge the trial court's finding that Appellant was subjected to an investigatory detention at the point the police commanded him to stop based on reasonable suspicion of criminal activity. TCO at 8.

upon the facts.

**Commonwealth v. Jones**, 874 A.2d 108, 115 (Pa. Super. 2005) (internal citations and quotation marks omitted).

The Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution provide that the people shall be secure from unreasonable searches and seizures. U.S. Const. amend. XIV; Pa. Const. art. I, § 8. "An officer may conduct a full custodial search of a suspect when the suspect is lawfully arrested." **Commonwealth v. Clark**, 735 A.2d 1238, 1251 (Pa. 1999) (citation omitted). "The search incident to arrest exception allows 'arresting officers, in order to prevent the arrestee from obtaining a weapon or destroying evidence, [to] search both the person arrested and the area within his immediate control.'" **Commonwealth v. Simonson**, 148 A.3d 792, 799 (Pa. Super. 2016) (quoting **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 2175 (2016) (citations omitted)), *appeal denied*, 148 A.3d 792 (Pa. 2017).

> To conduct a lawful arrest,
>
> law enforcement officers must have a warrant unless they have *probable cause* to believe that 1) a felony has been committed; and 2) the person to be arrested is a felon. A warrant is also required to make an arrest for a misdemeanor, *unless the misdemeanor is committed in the presence of the police officer*.

**Clark**, 735 A.2d at 1251 (emphasis added) (citations omitted).

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the

belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Commonwealth v. Martin*, 101 A.3d 706, 721 (Pa. 2014) (quoting *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009) (internal citations omitted).

Here, the relevant facts and circumstances were that Appellant accompanied Hayes to a driveway where they met another individual. *See* N.T., 6/1/2015, at 6. The individual gave Hayes cash, which Hayes counted before he removed a pill bottle from his hoodie, and poured items into the individual's hands. *See id.* at 6-7. The individual went back inside, and Hayes placed the pill bottle back in his hoodie. *See id.* at 7. Based upon the officer's observations and his twenty-two years of experience in handling narcotics surveillances, the officer testified that it was "clear" from observing this that "pills were sold" to the third individual. *See id.* at 11.[8] The officer searched Hayes and discovered a pill bottle in his hoodie, which contained a controlled substance and had Appellant's name on it. *See id.* at 12. The officer believed that this evidence linked Appellant to the drug transaction. *See id.* Officer Nicoletti testified that after a pill bottle with Appellant's

---

[8] The suppression court found that the officer had probable cause to arrest and search Hayes based on observing criminal activity. *See* N.T. at 23.

name on it was found on Hayes' person, then "[Appellant] was arrested and searched as well[.]" *Id.* at 9.

The suppression court found that the circumstances and pill bottle found on Hayes' person with Appellant's name on it "amount[ed] to probable cause permitting [Appellant's] arrest and search incident to arrest." *Id.* at 24. The trial court found that the investigative detention rose to a level of custodial detention supported by probable cause to arrest Appellant based on involvement in the illegal activity. *See* TCO at 8. We agree. These facts would "lead a person of reasonable caution" to conclude that Appellant was probably involved in a crime committed in the presence of a law enforcement officer and would justify the warrantless arrest. *See Martin*, 101 A.3d at 721; *Clark*, 735 A.2d at 1251.

Appellant also argues that there were no facts to support a *Terry* search based on a belief that Appellant was armed and dangerous. *See* Appellant's Br. at 18 (citing *Commonwealth v. Graham*, 721 A.2d 1075, 1078 (Pa. 1998) (holding that "where the police extend a frisk beyond *Terry*'s limited purpose, the Commonwealth needs a separate exception to justify the search and any subsequent seizure of an individual's personal property.")). We need not address this argument. As discussed above, the search in this case was not a *Terry* protective search for weapons. Our review of the record indicates that the search of Appellant's person was supported by the search incident to a lawful arrest exception. *See*

***Simonson***, 148 A.3d at 801. As Appellant's arrest was supported by probable cause based on the totality of the circumstances, the search of his person was reasonable pursuant to the categorical exception for a search incident to an arrest. ***See Simonson***, 148 A.3d at 801. Accordingly, the trial court did not err in denying Appellant's motion to suppress.

Next, Appellant challenges the sufficiency of the evidence to support his convictions for conspiracy and PWID. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Perez***, 931 A.2d 703, 706–07 (Pa. Super. 2007) (quotation and citation omitted).

To sustain a conviction for criminal conspiracy:

> [T]he Commonwealth must establish that the defendant

- 10 -

(1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) an overt act was done in furtherance of the conspiracy.

Circumstantial evidence may provide proof of the conspiracy. The conduct of the parties and the circumstances surrounding such conduct may create a 'web of evidence' linking the accused to the alleged conspiracy beyond a reasonable doubt.

**Commonwealth v. Jones**, 874 A.2d 108, 121 (Pa. Super. 2005) (citations and internal quotation marks omitted).

An agreement can be inferred from a variety of circumstances including, but not limited to, the relation between the parties, knowledge of and participation in the crime, and the circumstances and conduct of the parties surrounding the criminal episode. These factors may coalesce to establish a conspiratorial agreement beyond a reasonable doubt where one factor alone might fail.

**Commonwealth v. Greene**, 702 A.2d 547, 554 (Pa. Super. 1997).

To establish the offense of [PWID], the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to deliver it.

The trier of fact may infer that the defendant intended to deliver a controlled substance from an examination of the facts and circumstances surrounding the case. Factors to consider in determining whether the drugs were possessed with the intent to deliver include the particular method of packaging, the form of the drug, and the behavior of the defendant.

Thus, possession with intent to deliver can be inferred from the quantity of the drugs possessed and other surrounding circumstances, such as lack of paraphernalia for consumption.

**Jones**, 874 A.2d at 121 (citations and internal quotation marks omitted).

With regard to conspiracy, Appellant asserts that his "mere presence"

at the crime scene, "mere association" with the perpetrator, or "mere knowledge" of the crime were insufficient to establish his participation in the underlying crime. Appellant's Br. at 23. According to Appellant, "mere knowledge of a proposed unlawful act is insufficient without a showing both that [Appellant] was an active participant in the criminal enterprise and that he had knowledge of the agreement." *Id.*

Here, the Commonwealth presented evidence that Officer Nicoletti observed Appellant accompany Hayes and observed Hayes distribute pills from a pill bottle in exchange for cash. Further, the pills were distributed from a bottle with Appellant's name on it. *See* N.T., 11/19/2015, at 7. The bottle contained a schedule IV narcotic. *See id.* at 11. Following his arrest, Officers searched Appellant and recovered an additional pill bottle containing five pills, two different brands of the same controlled substance as found on Hayes. *See id.* at 8.[9]

Appellant relies on *Commonwealth v. Anderson*, 402 A.2d 546 (Pa. Super. 1979) to suggest that his mere presence does not establish his knowing participation in the conspiracy. *See* Appellant's Br. at 24-26. In *Anderson*, there was no evidence that the appellant knowingly participated

---

[9] The trial court found that even though "Appellant did not actually hand the items to the buyer … he was a willing participant and a coconspirator in that transaction [because] Appellant not only distributed his narcotics to [Hayes], but then by conspiracy, he also distributed [them] to the buyer that had the transaction with [Hayes]." TCO at 8.

in a drug transaction. *Id.* at 550. Unlike in *Anderson*, here, Appellant was not merely present at the scene of the crime. The evidence gave rise to a reasonable inference that Appellant was the supplier of the contraband. Thus, Appellant's reliance on *Anderson* is unpersuasive.

The trial court found that evidence proved that Appellant passed his pill bottle to Hayes. TCO at 11. Here, the circumstantial evidence established that Appellant supplied the pills to Hayes with the knowledge that Hayes would deliver them. Further, both pill bottles admitted into evidence had Appellant's name on them. Based on the circumstances that Appellant watched Hayes sell these pills to an individual, the trial court could conclude that Appellant did so with the intent to further a conspiracy to commit PWID. When viewed in the light most favorable to the Commonwealth as verdict winner, the coalescence of circumstantial evidence sufficiently established a conspiratorial agreement and overt act in furtherance of a conspiracy beyond a reasonable doubt. *See Greene*, 702 A.2d at 553.

With regard to PWID, Appellant contends that the evidence was insufficient to prove that Appellant "constructively possessed" the pills found on Hayes' person. Appellant's Br. at 29. Appellant also suggests that there is no evidence that he knew that Hayes possessed Appellant's prescription pill bottle. *See id.* at 28-29.

The Commonwealth responds that Appellant "misses the point" and

points to the circumstantial evidence that Appellant supplied the pills found on Hayes' person to Hayes. *See* Commonwealth's Br. at 14-15 (citing in support *Commonwealth v. McCall*, 911 A.2d 992, 997 (Pa. Super. 2006) ("Even if the conspirator did not act as a principal in committed the underlying crime, he is still criminally liable for the actions of his co-conspirators in furtherance of the conspiracy.") (quoting *Commonwealth v. Johnson*, 719 A.2d 778, 784-85 (Pa. Super. 1998) (en banc)).

Even though Appellant did not physically handle the drugs transacted, he clearly took an active role in the illicit transaction. *See McCall*, 911 A.2d at 997. Given the evidence of Appellant's conspiracy with Hayes, Appellant is liable for Hayes' action even though he did not deliver the illicit drugs in question. *See id.* As noted by the Commonwealth, "all conspirators are liable for the actions of other conspirators." *Id.* (citing *Johnson*, 719 A.2d at 785). Accordingly, the evidence was sufficient to establish Appellant's conviction for PWID beyond a reasonable doubt.

In his fourth issue, Appellant challenges the weight of the evidence. *See* Appellant's Br. at 34.

Our standard of review is well-settled:

The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies

- 14 -

contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

***Commonwealth v. Chamberlain***, 30 A.3d 381, 396 (Pa. 2011) (internal citations omitted).

Appellant contends that the trial court abused its discretion "by overriding or misapplying the law concerning mere presence[.]" Appellant's Br. at 35. Appellant maintains that he was "just standing there in a neighborhood touched by narcotics." ***Id.*** at 36.

As discussed above, the evidence was more than sufficient to establish Appellant's guilt. Further, Appellant points to no evidence that the court failed to weigh in his favor. Based on this record, we discern no abuse of the court's discretion in denying Appellant a new trial. ***Chamberlain***, 30 A.3d at 396.

Judgement of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2017

- 15 -