J-S57001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN STANFORD | |
| Appellant | No. 3508 EDA 2015 |

Appeal from the Judgment of Sentence October 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005497-2015

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 06, 2017**

The Philadelphia Municipal Court convicted Appellant, John Stanford,[1] of driving under the influence of marijuana. Stanford appealed for a trial *de novo* to the Court of Common Pleas. He failed to appear for his trial, and the Court of Common Pleas dismissed his appeal and entered a new judgment of sentence pursuant to Pa.R.Crim.P. 1010(B). Stanford then filed this timely *pro se* appeal.

In his counseled brief, he argues the Municipal Court erred in denying his motion to suppress evidence gained from his blood test. Specifically, that

---

[1] At his sentencing hearing before the Municipal Court, Stanford explained that he only used the name John Stanford once, when he was approximately 18 years old. **See** N.T., Sentencing, 6/1/15, at 5-6. At all times during this proceeding, he identified himself as Robert Waller. For consistency purposes, we will use the name contained in our caption.

his consent to the blood draw was unconstitutional pursuant to ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016).

The ***Birchfield*** Court found that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Id***., at 2186. In so finding, the Court vacated the conviction of one of the petitioners who had consented to a blood draw after being informed by police that he must comply with the blood test, or else face criminal penalties.

Though refusal to submit to a blood draw is not a separate crime in Pennsylvania, at the time of this incident involving Stanford, refusal to submit to a blood draw, paired with a later conviction for or plea to drunk driving under any section of 75 Pa.C.S.A. § 3802, mandated higher penalties for the defendant. ***See*** 75 Pa.C.S.A. § 3804. Penalties.

This Court interpreted ***Birchfield*** as applied to Pennsylvania's drunk driving laws in the case of ***Commonwealth v. Evans***, 153 A.3d 323 (Pa. Super. 2016). In ***Evans***, the arresting officer warned Evans, who was suspected of driving under the influence, that he would face higher penalties for refusing a blood draw. Evans thereafter consented to a blood draw, and was charged with driving under the influence. Evans later challenged that consent as involuntary, and filed a motion to suppress. His motion was denied, and he appealed his drunk driving conviction to this Court.

Based on **Birchfield**, the **Evans** panel vacated the judgment of sentence and the suppression court's order, and remanded the case to the trial court for reevaluation of Evans's consent, given the inaccuracy of the officer's warning after **Birchfield** invalidated the law imposing higher penalties for refusing a blood draw. **See** 153 A.3d at 331.

Where, as in **Birchfield**, a United States Supreme Court decision "results in a 'new rule,' that rule applies to all criminal cases still pending on direct review." **Schriro v. Summerlin**, 542 U.S. 348, 351 (2004). "Case law is clear, however, that in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" **Commonwealth v. Tilley**, 780 A.2d 649, 652 (Pa. 2001) (quoting **Commonwealth v. Cabeza**, 469 A.2d 146, 148 (Pa. 1983)). "[A]n exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant's sentence." **Commonwealth v. Barnes**, 151 A.3d 121, 124 (Pa. 2016) (citation omitted).

Here, Stanford does not challenge the legality of his sentence; indeed, as he consented to the blood draw he was not subject to the higher sentencing penalty for refusal. **See** 75 Pa.C.S.A. § 3804. And, fatal to his claim, Stanford did not challenge consent in the Court of Common Pleas in a motion for a new trial. **See Commonwealth v. Johnson**, 146 A.3d 1271, 1274 (Pa. Super. 2016). Thus, his claim is waived for purposes of appeal.

*See id*.; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived

and cannot be raised for the first time on appeal.")

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2017