**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY P. MURRAY | : | |
| | : | |
| Appellant | : | No. 2809 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 17, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010478-2017

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM PER CURIAM:                    **FILED DECEMBER 10, 2019**

Appellant, Timothy P. Murray, appeals from the judgment of sentence of 72 hours to six months of confinement, which was imposed after his conviction at a bench trial for driving under the influence ("DUI") of controlled substance (first offense).[1]  After careful review, we affirm.

On the night of June 2, 2017, Appellant was arrested by Philadelphia police after a deputy sheriff had observed him driving erratically and dangerously.  On October 18, 2017, at his trial before the Municipal Court Division,[2] Appellant made an oral motion "to suppress the stop, arrest, and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa. C.S. § 3802(d)(2) ("The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.").

[2] Docket Number MC-51-CR-0015948-2017.

search" of Appellant and "any blood results of a chemical test" on the basis that "the sheriff's deputies who initiated the stop lacked jurisdiction[.]"  N.T., 10/18/2017, at 4-5.  In response, the Commonwealth called Deputy Sheriff Shawn Roberts to testify.  *Id.* at 5.  Deputy Roberts testified that, on June 2, 2017, at about 9:30 P.M., he "was working the bike unit patrolling" around 500 Broad Street in Philadelphia, in the vicinity of the Philadelphia Family Court Building and the Justice Juanita Kidd Stout Center for Criminal Justice, when he witnessed "a black Lexus swerving in and out of lanes[,]" then "nearly" strike his vehicle, and "proceed to clip a curb."  *Id.* at 6-7.  He continued that he followed the vehicle for "about ten minutes" and saw it make "erratic movements" like "stopping, braking, going, failing to yield to red lights, stopping at green lights, [and] proceeding through crosswalks while the light was red."  *Id.* at 7.  Deputy Roberts explained that, after he indicated to Appellant that he should pull over, Appellant continued for "three more blocks" before he stopped his vehicle and the deputy and his partner could approach.  *Id.* at 8.  Deputy Roberts testified that they "approached the vehicle . . . to assess the situation trying to make sure he was all right and trying to make[] sure he wasn't having a medical emergency, or anything like that."  *Id.*

The witness continued:  "Based on my training and experience and based on whether [Appellant] was responding to me, his mannerisms, his body movements, and everything like that, and the fact that he couldn't focus, that he was sweating, dipping out a little bit, and just wasn't fully there[,]" he

concluded that Appellant "was not able to" operate a motor vehicle safely. ***Id.*** at 9. Deputy Roberts additionally stated that he had previously seen "numerous" people under the influence of narcotics while "patrolling outside[.]" ***Id.*** The deputy added that police responded to the location of the vehicle stop "within five minutes." ***Id.***

The following exchange occurred on cross-examination:

**Q.** Fair to say you have not received any specific training in DUI?

**A.** No. I do have DUI training from the police academy. I have the same training the police receive.

**Q.** You have not received any training as a drug recognition expert; have you?

**A.** No.

***Id.*** at 13.

After the conclusion of Deputy Roberts' testimony, Appellant contended that sheriffs have "a little more authority to stop than an average citizen unless they observe either a felony in their presence or a breach of the peace." ***Id.*** at 22. Appellant cited to ***Commonwealth v. Leet***, 641 A.2d 299 (Pa. 1994), as supporting authority. N.T., 10/18/2017, at 22. He continued:

[S]heriffs do not have the authority to make a stop unless it's within their regular duties as a sheriff, such as securing this courtroom, or serving warrant[s] and writs, securing the courthouse, they don't have the statutory authority or the Commonwealth authority to make a stop like this **unless they observe a breach of the peace or a felony in their presence. I don't see anything here that constitutes a breach of the peace.**

***Id.*** (emphasis added).

- 3 -

At the conclusion of the suppression hearing, the Philadelphia Municipal Court denied Appellant's motion to suppress. *Id.* at 27. Appellant was immediately tried and convicted of DUI, *id.* at 35, and he requested a *de novo* trial before the Court of Common Pleas. *See* Trial Court Opinion, filed December 6, 2018, at 1. On February 5, 2018, following a bench trial before the Court of Common Pleas ("trial court"), Appellant was again convicted of DUI.

On April 19, 2018, Appellant filed a post-sentence motion requesting that the trial court "review the transcript and decision of the suppression hearing in Municipal Court in order that [Appellant]'s right of appeal of the suppression issue be preserved for review in Superior Court." Post-sentence Motion for a New Trial, 4/19/2018, at 3 ¶ 8 (citing Philadelphia County Criminal Division Rule 630(H); *Commonwealth v. Johnson*, 146 A.3d 1271 (Pa. Super. 2016)). Appellant again argued, *inter alia*, the lack of jurisdiction on the part of the deputy sheriffs to stop him. Specifically, Appellant asserted:

> Deputy Sheriff Roberts did not have jurisdiction to stop, seize, detain, or arrest [Appellant]. 75 Pa.C.S.A. § 6308 provides jurisdiction for police officers to stop vehicles to investigate violations of the motor vehicle code. However, a sheriff is not a police officer. In *Commonwealth v. Dobbins*[, 934 A.2d 1170, 1171 (Pa. 2007)], the Supreme Court of Pennsylvania held that "sheriffs have only such independent investigatory authority to seek out evidence of wrongdoing that is committed outside their presence as is expressly authorized by statute." No statute expressly authorizes sheriffs to conduct a ten-minute long investigation in order to seek out evidence of a motor vehicle violation. In the instant case [Deputy] Sheriff Roberts testified that he "basically followed [Appellant] around monitoring the situation until we had enough evidence to stop the vehicle" and

when asked how long he followed the vehicle, he responded "[p]robably about ten minutes." By following [Appellant] around for ten minutes in order to garner enough evidence to stop his vehicle, the [Deputy] Sheriff exceeded his jurisdiction.

*Id.* at 5 ¶ 13 (emphasis omitted) (some citations omitted). On September 19, 2018, the trial court denied the motion. On September 25, 2018, Appellant filed this timely direct appeal.[3]

Appellant presents the following issues for our review:

1. Where [Appellant] claimed that [he] was stopped and detained by sheriffs who lacked the jurisdiction and authority to do so, but where suppression was denied on that basis in the Philadelphia Municipal Court, did not the Court of Common Pleas err in not granting a new trial upon review of the suppression motion hearing?

2. Was not the evidence insufficient to prove beyond a reasonable doubt that [Appellant] was under the influence of a drug (as that term is meant by 75 Pa.C.S. § 3802(d)(2)) or combination of drugs to a degree which impaired his ability to safely drive, operate or be in actual physical control of the movement of the vehicle?

3. Was not the verdict against the weight of the evidence in that the evidence failed to prove that the defendant was under the influence of a drug (as that term is meant by 75 Pa.C.S. § 3802(d)(2)) or combination of drugs to a degree which impaired his ability to safely drive, operate or be in actual physical control of the movement of the vehicle, where the evidence failed to prove [Appellant]'s guilt in this regard to such a degree as to cast such serious doubt upon the validity of [Appellant]'s conviction that his conviction shocks the conscience?

Appellant's Brief at 5-6 (trial court's answers omitted).

---

[3] Appellant filed a statement of errors complained of on appeal on November 1, 2018, and an amended statement of errors on November 28, 2018. The trial court entered its opinion on December 6, 2018.

Our scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. ***Commonwealth v. Fulton***, 179 A.3d 475, 487 (Pa. 2018).

At no time before the Municipal Court or the trial court did Appellant argue that the deputy sheriffs lacked authority to stop his vehicle because they did not have training in motor vehicle law equivalent to that of a police officer. The only argument made before the courts below was that the deputy sheriffs lacked jurisdiction to stop Appellant's vehicle because they failed to witness a breach of peace in their presence and, instead, followed Appellant for several minutes to garner evidence to stop him.[4] The first time that Appellant argued that the deputy sheriffs lacked the requisite training was in his brief filed with this Court. Appellant's Brief at 21-22. Failure to raise the issue of inadequate training before the Municipal Court and trial court results in waiver. ***See Commonwealth v. Napold***, 170 A.3d 1165, 1168 (Pa. Super. 2017) ("issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***see also*** Pa.R.A.P. 302(a). Accordingly, we affirm the denial of Appellant's motion to suppress.

---

[4] We note that there was more than sufficient evidence to establish that Appellant committed violations of the motor vehicle code in the presence of the deputy sheriffs. As Deputy Sheriff Roberts testified, he witnessed Appellant "swerving in and out of lanes"; nearly strike the deputy sheriffs' vehicle; clip a curb; and "mak[e] erratic movements, stopping, braking, going, failing to yield to at red lights, stopping at green lights, proceeding through crosswalks while the light was red." N.T., 10/18/2017, at 7.

As for Appellant's two other issues on appeal, insufficiency and weight of the evidence, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable William J. Mazzola, we conclude Appellant's remaining challenges merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. *See* Trial Court Opinion, filed December 6, 2018, at 1-16.

For the foregoing reasons, we affirm the denial of the suppression motion. Consequently, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/19