J-A23018-17

2017 PA Super 381

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                      Appellant          :
                                         :
                       v.                :
                                         :
NELSON R. TORRES,                 :
                                         :
                     Appellee           :     No. 3737 EDA 2016

Appeal from the Order Entered October 31, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005731-2016

BEFORE: PANELLA, J., DUBOW, J., and FITZGERALD, J.*

OPINION BY DUBOW, J.:                **FILED DECEMBER 08, 2017**

The Commonwealth appeals from the trial court's October 31, 2016 Order entered by the Philadelphia County Court of Common Pleas granting Appellee Nelson Torres' Motion to Suppress the results of a warrantless blood test obtained following his DUI arrest pursuant to ***Birchfield v. North Dakota***, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed. 2d 560 (June 23, 2016). After careful review, we affirm.

In its Pa.R.A.P. 1925(a) Opinion, the trial court relied on the following findings of fact from the Motion to Suppress:

> On March 23, 2015, Officer Robertson observed that [Appellee] made a left turn on North 5th Street but failed to signal a left turn. [Appellee's] car had tinted windows. Officer Robertson pulled [Appellee] over. When he got to the car, Officer Robertson could smell marijuana and observed [that Appellee's] eyes were bloodshot and he had slurred speech.

_____
* Former Justice specially assigned to the Superior Court.

Officer Robertson never pulled a gun on [Appellee], nor did he ever threaten him that he would go to jail for pulling him over. He did not say anything to [Appellee] about getting his blood drawn for a chemical test, nor about any consequences for not consenting to such a chemical test.

[Appellee] was taken to the basement of the police department headquarters and brought to AID Officer Shead . . . who was responsible for administering the chemical tests [that] are designed to confirm blood alcohol levels [] or the presence of chemical substances. Officer Shead has conducted over 500 of these tests in the past few years. When Officer Shead conducted the DUI test, he had [Appellee] complete paperwork, which include[d] what is known as the *O'Connell*[1] warnings. The text of the *O'Connell* warnings [in the DL-26 Form] includes the following language[:]

> If you refuse to submit to a chemical test and you are convicted of, or plead to, or are an adjudicated delinquent with respect to violating Section 3802A [*sic*] of the Pennsylvania Vehicle Code, you will be subject to more severe penalties set forth in Section 3804C [*sic*] of the Pennsylvania Vehicle Code, which will include one of the following: for a first offender, a minimum of [72] hours in jail and a minimum fine of [$]1,000. For a second offender, a minimum of 90 days in jail and a minimum fine of $1,500. For a third subsequent offender, a minimum of one [] year in jail and a minimum fine of $2,500.

[Officer] Shead read the warning to [Appellee] and asked him to sign the form before administering the test. There was no evidence suggesting that he used any coercive tactics to persuade [Appellee] to sign the form. It was apparent to Officer Shead that [Appellee] understood the meaning of the form.

Officer Shead testified [that] the police department has revised the language of the *O'Connell* warnings form in late June 2016. This change post-dated the Supreme Court's decision in *Birchfield v. North Dakota*, which established a categorical

---

[1] *Commonwealth, Dep't of Transp., Bureau of Traffic Safety v. O'Connell*, 555 A.2d 873 (Pa. 1989).

rule that, absent exigent circumstances or voluntary consent, that it was unconstitutional to conduct a warrantless blood draw and that implied consent laws [that] imposed criminal penalties were unenforceable.

Trial Court Opinion, 1/27/17, at 4-5 (paragraph breaks altered).

The Commonwealth charged Appellee with three counts of Driving Under the Influence ("DUI") (general impairment, controlled substance/metabolite, and controlled substance-impaired ability).[2] Appellee filed a Motion to Suppress physical evidence and his statements to police, which the suppression court denied. Appellee did not challenge the voluntariness of his consent on the ground that he was threatened with criminal penalties.

Appellee was convicted of two counts of DUI (controlled substance/metabolite, and controlled substance-impaired ability) following a bench trial in Municipal Court, and he was sentenced to 72 hours' to six months' incarceration. On June 15, 2016, Appellee filed an appeal for a trial *de novo* in the Court of Common Pleas.

One week later, the U.S. Supreme Court decided **Birchfield**.[3] Appellee filed a supplemental Motion to Suppress invoking **Birchfield**,

_____

[2] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 3802(d)(1), and 75 Pa.C.S. § 3802(d)(2), respectively.

[3] In **Birchfield**, the United States Supreme Court held that blood tests taken pursuant to implied consent laws are an unconstitutional invasion of privacy. **Id.** at 2186. The Supreme Court stated that "motorists cannot be deemed
*(Footnote Continued Next Page)*

- 3 -

arguing that his consent was coerced. The Commonwealth argued that Appellee had waived his claim, that his Supplemental Motion was procedurally improper since he had already litigated a Motion to Suppress in Municipal Court, and argued that **Birchfield** did not apply or render his consent involuntary.

Following a hearing, the trial court granted Appellee's Supplemental Motion to Suppress because (1) **Birchfield** constituted an "intervening change in the law" such that it could entertain a new motion under the Pennsylvania and local rules of criminal procedure; and (2) since Appellee was threatened with criminal penalties for his refusal to consent to the warrantless blood test, the totality of circumstances showed that his consent was involuntary pursuant to **Birchfield**. The Commonwealth filed an interlocutory appeal pursuant to Pa.R.A.P. 311(d).[4]

The Commonwealth presents two issues for our review:

> I. Did the lower court [err] where, on [Appellee's] appeal for trial *de novo*, it suppressed evidence on the basis of a claim not raised in Municipal Court?

_(Footnote Continued)_ ──────────────

to have consented to submit to a blood test on pain of committing a criminal offense[,]" and concluded that Birchfield could not be convicted of refusing a warrantless blood draw following his DUI arrest. In contrast, the Court held that the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving. **Id.** at 2184.

[4] Pa.R.A.P. 311(d) provides that "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."

II. Did the lower court err in holding that [Appellee's] consent to a blood test was involuntary as a matter of law regardless of the totality of the circumstances?

Commonwealth's Brief at 4.

**Waiver**

The Commonwealth first claims that Appellee has waived this claim because he failed to argue his consent was invalid during his original Motion to Suppress litigated in Municipal Court. Commonwealth's Brief at 11. The Commonwealth avers that the trial court erred in permitting Appellee to litigate a suppression motion during his trial *de novo* because he did not meet either of the exceptions to the general rule that a defendant generally cannot relitigate issues or litigate issues that could have been raised at the Municipal Court suppression hearing. ***Id.***

This issue raises a question of law about the proper interpretation of the Pennsylvania Rules of Criminal Procedure and Philadelphia local court rules. Our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Hann***, 81 A.3d 57, 65 (Pa. 2013).

A defendant convicted in Philadelphia's Municipal Court has two mutually exclusive appellate options. ***Commonwealth v. Johnson***, 146 A.3d 1271, 1273 (Pa. Super. 2016). "Pennsylvania Rule of Criminal Procedure 1006(1)(a) provides that a defendant convicted in Philadelphia Municipal Court has the right to request either a trial *de novo* or file a

petition for a writ of *certiorari* with the Philadelphia Court of Common Pleas."

*Id.*

Here, Appellee requested a trial *de novo*. "A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record[.]" *Id.* (emphasis omitted). "A trial *de novo* is generally limited to a relitigation of guilt or innocence only, and a defendant is not entitled to relitigate pre-trial motions[, including issues raised, or that could have been raised, at a Municipal Court suppression hearing.]" *Id.*

This bar on relitigation of pre-trial suppression motions at trials *de novo* is codified in local Philadelphia Court Criminal Division Rule 630(G), which provides: "Unless specially allowed in accordance with subsection (d) of this Rule, the trial *de novo* shall not include relitigation of the application to suppress." Phila. Co. Crim. Div. Rule 630(G).

Nevertheless, a defendant may raise a suppression issue at a trial *de novo* in certain limited circumstances pursuant to Pa.R.Crim.P. 581(B) where: (1) "the opportunity did not previously exist, or [(2)] the interests of justice otherwise require[.]" Pa.R.Crim.P. 581(B). Philadelphia Court Criminal Division Rule 630 similarly and specifically provides that a defendant may raise a suppression issue at a trial *de novo* when "the interests of justice otherwise require[.]" Phila. Co. Crim. Div. Rule 630(C). *See also* Pa.R.Crim.P. 105(B); *Commonwealth v. Johnson*, 146 A.3d 1271, 1275 (Pa. Super. 2016) (explaining interaction of Pennsylvania rules

and supplemental local Philadelphia rules), *appeal denied*, 158 A.3d 1242 (Pa. 2016); **Commonwealth v. Williams**, 125 A.3d 425, 428 (Pa. Super. 2015) (repeating the general rule that, "although the local courts have broad authority to promulgate local rules of procedure, local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly.").

The trial court concluded that the interests of justice required the court to hear the Motion to Suppress. **Id.** at 9-11. The trial court opined that Appellee previously did not have a genuine opportunity to challenge the voluntariness of his consent pursuant to **Birchfield** because such an argument, though available, would have been essentially frivolous, with little to no hope of success based on case law at the time. Trial Court Opinion, 1/27/17, at 7-10. The trial court reasoned that doing so would promote judicial economy. **Id.** at 13. As a result, the trial court addressed the merits of Appellee's claim.

After careful review, we discern no error of law or abuse of discretion in the trial court's sound reasoning regarding Appellee's satisfaction of the "the interests of justice" exception.[5] **See** Trial Court Opinion, 1/27/17, at 7-

---

[5] The trial court noted a tension between Philadelphia's local rule 630(G) and the language of Pa.R.Crim.P. 581(B), and concluded that permitting the local rule to prevent the normal operation of Pa.R.Crim.P. 581(B) would lead to an absurd result. Trial Court Opinion, 1/27/17, at 11-13. Under the facts here, we discern no conflict insofar as the interest of justice exception is present in
*(Footnote Continued Next Page)*

13.   Accordingly, we conclude that the trial court properly considered Appellee's **Birchfield** suppression issues at the trial *de novo*.

### Birchfield

The Commonwealth next contends that the trial court erred in granting Appellee's Motion to Suppress because Appellee voluntarily consented to the blood test under the totality of circumstances.  Commonwealth's Brief at 20. The Commonwealth argues that **Birchfield** did not create a *per* se rule that DUI warnings are inherently coercive and that the trial court placed undue emphasis on "the single line in the implied consent warnings about the enhanced criminal penalties[.]"  Commonwealth's Brief at 19-20.

"When reviewing the grant of a suppression motion, we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Ennels**, 167 A.3d 716, 718 (Pa. Super. 2017).  "We may only consider evidence presented at the suppression hearing." **Id.**

"In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in

*(Footnote Continued)* ————————

both rules.  Though the trial court focused its analysis on that exception under Pa.R.Crim.P. 581, the analysis under the local rule is the same because the language is identical.  "To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record."  **Commonwealth v. Williams**, 125 A.3d 425, 433 n.8 (Pa. Super. 2015).

the context of the record as a whole." *Id.* at 718-19. "We may reverse only if the legal conclusions drawn from the facts are in error." *Id.* at 719.

"In determining the validity of a given consent, the Commonwealth bears the burden of establishing that a consent is the product of an essentially free and unconstrained choice—not the result of duress or coercion, express or implied, or a will overborne—under the totality of the circumstances." *Id.* at 723. "The standard for measuring the scope of a person's consent is based on an objective evaluation of what a reasonable person would have understood by the exchange between the officer and the person who gave the consent." *Id.* "Gauging the scope of a defendant's consent is an inherent and necessary part of the process of determining, on the totality of the circumstances presented, whether the consent is objectively valid, or instead the product of coercion, deceit, or misrepresentation." *Id.*

This Court's recent decision in *Ennels*, *supra*, is controlling. In *Ennels*, as in the instant case, the police officer read the DL-26 Form to Ennels, who had been arrested on suspicion of DUI; Ennels signed the form and the officer conducted the warrantless blood draw. On appeal from the trial court's grant of Ennels' suppression motion, this Court applied *Birchfield* and concluded that the trial court did not err in finding Ennels' consent invalid "because Ennels consented to the blood draw after being

informed that he faced enhanced criminal penalties for failure to do so[.]"
***Ennels***, ***supra*** at 724.

As in ***Ennels***, Appellee here consented to the blood draw only after being informed that he faced enhanced criminal penalties for failure to do so. The trial court did not err in finding that Appellee's consent was invalid. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/8/2017

- 10 -