J-A01001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LESHON A. MARTIN | : | |
| | : | No. 537 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence July 14, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002616-2015

BEFORE:   LAZARUS, J., OTT, J., and PLATT*, J.

CONCURRING AND DISSENTING MEMORANDUM BY LAZARUS, J.:

**FILED APRIL 04, 2018**

I concur with the majority's determination that Martin did not waive his **Birchfield** claim.  Specifically, the majority declines to find that Martin waived his claim where he "raised **Birchfield** soon after it was decided, and before he was sentenced."  Majority Memorandum, 04/04/18, at 9 n.10.  Instead, the majority concludes that Martin "was not entitled to **Birchfield**'s retroactive application" because he did not "challenge the validity of his consent until after his conviction and **Birchfield**'s disposition [and, thus, he did not have a consent issue that was pending" while the Supreme Court was deciding the issue in **Birchfield**.  **Id.** at 9.  In essence, the majority has foreclosed review of Martin's consent issue based on his failure to raise the issue "at all stages of adjudication."  **See Commonwealth v. Cabeza**, 469 A.2d 146, 148 (Pa.

_____
*   Retired Senior Judge assigned to the Superior Court.

1983). Applying the waiver doctrine or finding that Martin is not entitled to retroactive application of the law for his failure to raise the issue during trial are distinctions without a difference. For this reason, I dissent.

In *Commonwealth v. Torres*, 176 A.3d 292 (Pa. Super. 2017), our Court affirmed the suppression of the results of a warrantless blood test obtained after a defendant was advised of his *O'Connell* warnings following a DUI arrest. In *Torres*, the defendant, who was tried in the Municipal Court, filed a pre-trial motion to suppress physical evidence and statements he made to the police. He did not challenge the voluntariness of his consent on the ground that he was threatened by criminal penalties. After being convicted of two counts of DUI and being sentenced, Torres filed a *de novo* appeal in the court of common pleas. One week after his appeal was filed, the United States Supreme Court decided *Birchfield*. Torres then filed a supplemental suppression motion, invoking *Birchfield* and arguing that his consent for the blood draw was coerced. The Commonwealth argued that Torres had waived his claim since he had not presented it in the Municipal Court *via* his first suppression motion. The trial court disagreed and, following a hearing, granted Torres' supplemental motion to suppress on the bases that: (1) *Birchfield* constituted an "intervening change in the law"; and (2) since Torres was threatened with criminal penalties for his refusal to consent to the warrantless blood test, the totality of the circumstances showed that his consent was involuntary under *Birchfield*. *Torres*, 176 A.3d at 295.

- 2 -

On appeal, the Commonwealth again argued that Torres waived his claim in the trial court by not raising it first in the Municipal Court. Referencing Pa.R.Crim.P. 508(B), our Court noted that a defendant may raise a suppression issue at a trial *de novo* in certain limited circumstances, including: (1) where the opportunity did not previously exist, or (2) the interests of justice otherwise require. *Id.* at 296. Concurring with the trial court, our Court did not find the issue waived where the "interests of justice" required the court to hear the suppression motion. *Id.* In particular, the trial court opined that "[Torres] previously did not have a genuine opportunity to challenge the voluntariness of his consent pursuant to **Birchfield** because such an argument, though available, would have been essentially frivolous, with little to no hope of success based on case law at the time." **Torres**, 176 A.3d at 296. The trial court also reasoned that judicial economy would be promoted by its decision to consider the issue. *Id.*

Likewise, here, Martin filed a Pa.R.Crim.P. 704 oral motion for extraordinary relief, raising **Birchfield** for the first time, *prior to sentencing*. Rule 704 indicates that "[u]nder extraordinary circumstances, *when the interests of justice require*, the trial judge may, before sentencing, hear an oral motion . . . for a new trial." Pa.R.Crim.P. 704. Not only had Martin developed the record before the trial court to facilitate meaningful evaluation of the claim, but the trial court could have held a hearing to determine the validity of Martin's consent and reached a reasoned decision as to whether a new trial was required. Under these factual circumstances, where Martin

raised the claim, before his sentence was final, based on an intervening change in the law at the earliest possible opportunity,[1] I believe that the interests of justice dictate that the trial court address Martin's *Birchfield* claim. *See Commonwealth v. Gillespie*, 516 A.2d 1180, 1182-83 (Pa. 1986) (discussing rule of retroactivity announced in *Cabeza* and adopting reasoning in *Shea v. Louisiana*, 470 U.S. 51 (1985) that noted distinction between applying full retroactivity to pending and undecided direct review of judgment of sentence and collateral attack on state conviction which had become final, "properly rests on considerations of finality.").

---

[1] Instantly, Martin was convicted on May 5, 2016, *Birchfield* was decided on June 23, 2016, and Martin raised the *Birchfield* claim in an oral motion on July 13, 2016. He was sentenced on July 14, 2016, and raised the involuntary consent claim again in a timely post-sentence motion filed on July 25, 2016.