J-A31003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| WILLIAM MCSORLEY, JR., | |
| Appellee | No. 272 MDA 2014 |

Appeal from the Order January 17, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003683-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 18, 2014**

The Commonwealth appeals from the trial court's grant of William McSorley, Jr.'s motion to suppress and writ of *habeas corpus*. Finding that the trial court erred, we reverse those aspects of the order challenged by the Commonwealth.

The suppression court delineated the salient facts as follows.

On August 8th, 2013 at approximately 7:15 P.M. Officer William Hanna was on patrol from the shoulder of Route 100 (1/2 mile south of New Berlinville Exit).  Officer Hanna was conducting a Tracker speed enforcement detail as part of an "aggressive driving detail."  The posted speed limit was 55 mph. He observed a gold colored GMC pickup truck speeding (94 mph) in the southbound lane.  Officer Hanna activated his emergency lights and siren to follow the truck.  He made initial contact with the truck when it was legally parked in a Redner's Market Parking Lot. Officer Hanna proceeded to conduct his traffic stop and explained to the operator the reasons therefore.  The vehicle operator (Defendant) identified himself as William McSorley (16 year old Chelsea McSorley was in the passenger seat).  The

Defendant stated that he was speeding because a red car was tailgating him too closely. Officer Hanna smelled an odor of an alcoholic beverage on his breath. He also observed flushed skin tone and red watery eyes.

Officer Hanna asked the Defendant if he had had anything to drink. The Defendant admitted to consuming one (1) Coors Light at his residence in New Ringgold. The Defendant started to get loud at the scene, so Officer Hanna called for backup and was assisted by Officer Matt Merry. Officer Hanna had the Defendant exit the vehicle and perform three (3) Field Sobriety Tests, the Walk & Turn, One Leg Stand, and Finger to Nose. Officer Hanna testified he performed the SFST's "fairly." Officer Hanna then gave the Defendant a Portable Breathalyzer Test, [(PBT)] and the results were positive for alcohol.

Officer Hanna placed the Defendant in custody for DUI and placed him in the police vehicle. Officer Hanna read the implied consent form for blood sample testing. The Defendant agreed and signed the form. Officer Hanna checked the Defendant's driver license with Penn Dot and discovered that it was suspended. Officer Hanna started to conduct an inventory search of the GMC pickup truck and found four (4) firearms along with ammunition. Officer Hanna also found empty and closed Coors Light beer cans on the back seat floor. The Defendant was then transported to St. Joseph Hospital for a blood draw.

On August 27, 2013, a Bill of Information was filed charging Mr. William McSor[le]y, Jr. (hereinafter Defendant) with one count of Driving Under the Influence, 75 Pa.C.S. § 3802(a)(1); one count of Driving Under the Influence, 75 Pa.C.S. § 3802(b); one count of Driving While Operating Privilege is Suspended or Revoked, 75 Pa.C.S. § 1543(b)(1.1)(ii); one count of Persons Not to Possess Firearms, 18 Pa.C.S. § 6105(a)(1), one count of Endangering Welfare of Children, 75 Pa.C.S. § 4304(a)(1); one count of Careless Driving, 75 Pa.C.S. § 3714(a); and one count of Maximum Speed Limits, 75 Pa.C.S. § 3362(a)(2).

Suppression Court Opinion, 4/16/14, at 2-3.

Thereafter, McSorley filed an omnibus motion to suppress and writ of *habeas corpus*. McSorley contended that his arrest for DUI was without probable cause, and the subsequent search of his vehicle was therefore illegal.[1] The suppression court concluded that McSorley's excessive speeding, admission to consuming one beer, the odor of alcohol on his breath, his loud speech, flushed skin, red watery eyes, and positive PBT test for alcohol was insufficient probable cause to arrest McSorley for DUI. Accordingly, it ruled the arrest and ensuing search illegal. Since it concluded that the arrest and search were invalid, it dismissed the charges against McSorley.

The Commonwealth timely appealed. The court directed the Commonwealth to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The Commonwealth complied, and the suppression court authored its opinion. We now review the Commonwealth's issues on appeal.

    A. Did the trial court err in suppressing evidence obtained as a result of a lawful arrest supported by probable cause to believe that McSorley was driving under the influence of alcohol or a controlled substance?

    B. Did the trial court err in granting the request for a writ of *habeas corpus* without permitting the Commonwealth to appeal from the adverse suppression ruling?

_____

[1] McSorley also argued that an inventory search of his car was unlawful. The suppression court ruled in his favor on this ground. The Commonwealth has not appealed this aspect of the suppression court's ruling.

- 3 -

Commonwealth's brief at 4.

We evaluate the denial of a suppression motion under well-established principles. We consider the evidence of the defendant, as the prevailing party below, and any evidence of the prosecution that is uncontradicted when examined in the context of the suppression record. ***Commonwealth v. Peterson***, 17 A.3d 935, 937 (Pa.Super. 2012). This Court is bound by the factual findings of the suppression court where the record supports those findings and may only reverse when the legal conclusions drawn from those facts are in error. ***Id***. Importantly, we are not bound by the legal conclusions of the suppression court. ***In re T.B.***, 11 A.3d 500, 505 (Pa.Super. 2010).

The Commonwealth contends that the totality of the circumstances supports a legal finding of probable cause to arrest McSorley for DUI. In this respect, it highlights that McSorley was observed traveling 94 mph in a 55 mph zone, he admitted to consuming a beer, had watery eyes and flushed skin, became loud, and his PBT test revealed a BAC in excess of the legal limit.[2]

McSorley responds by reiterating the suppression court's rationale. He posits that, although he was speeding, the officer did not observe any aberrant driving. McSorley adds that his red watery eyes and loud speech

---

[2] The PBT test indicated a BAC of .117%. Subsequent blood testing revealed a BAC of .102%.

do not support probable cause and highlights that his speech was not slurred. In addition, McSorley notes that the officer did not testify that he failed the field sobriety tests. Lastly, he posits that PBT tests are unreliable.

"Probable cause justifying a warrantless arrest is determined by the totality of the circumstances." *Commonwealth v. Weaver*, 76 A.3d 562, 565 (Pa.Super. 2013), *allowance of appeal granted on other ground*, 86 A.3d 862 (Pa. 2014). "Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Id*.

Here, it is apparent that the suppression court failed to view the facts under the totality of the circumstances. Rather, the court separated each fact and opined that the particular fact in question, standing alone, was insufficient. Specifically, it first reasoned that speeding does not create probable cause for DUI. It added that flushed skin and watery eyes could be explained by allergies. The court further explained that McSorley's loud speech was not sufficient and that McSorley's speech was not slurred. Although it acknowledged that McSorley's PBT test was positive for alcohol and that he admitted to consuming one beer, the court asserted that it is not criminal to consume alcohol and drive.

Considering the totality of the circumstances, however, it is evident that Officer Hanna had probable cause to arrest McSorley for DUI. The suppression court erred in viewing each fact in isolation. McSorley's excessive speeding, loud speech, the odor of alcohol on his breath, admission to consuming beer, flushed skin, red eyes, and positive PBT test establish reasonably trustworthy information to warrant a reasonable person to conclude that McSorley was driving under the influence of alcohol.[3] Since the suppression court's dismissal of the charges was premised on its erroneous legal conclusion, it erred in dismissing the non-firearm charges against McSorley.[4]

---

[3] We are cognizant that PBT test results are inadmissible for purposes of evidence at trial. *See Commonwealth v. Marshall*, 824 A.2d 323 (Pa.Super. 2003). However, the inadmissibility of evidence at trial does not automatically preclude it from consideration in deciding probable cause. *See Brinegar v. United States*, 338 U.S. 160 (1949).

[4] We are aware that the firearm charge stemmed from recovery of weapons in McSorley's vehicle based on an inventory search. The suppression court found the inventory search illegal on separate grounds. As noted, the Commonwealth has not challenged that ruling on appeal.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2014