J-A26035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 479 MDA 2017 |
| RYAN DEAN GARGES | | |

Appeal from the Order Entered March 8, 2017
in the Court of Common Pleas of Columbia County Criminal Division at
No(s):  CP-19-CR-0000713-2016

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 11, 2018**

The Commonwealth of Pennsylvania appeals from the March 8, 2017 order granting Appellee's motion to suppress physical evidence.[1]  After careful review, we are constrained to reverse.

We derive the following statement of facts and procedure underlying the charges against Appellee, Ryan Dean Garges, from the trial court opinion.[2]

_____

[1] We note that the instant appeal is properly before this Court as the Commonwealth may take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will terminate or substantially handicap the prosecution.  **See** Pa.R.A.P. 311(d); **Commonwealth v. Knoeppel**, 788 A.2d 404, (Pa. Super. 2001), _reargument denied_, _appeal denied_, 806 A.2d 859, 569.

[2] Appellee was charged with possession of a controlled substance with intent to deliver, simple possession of a controlled substance, possession of drug paraphernalia, underage possession of alcohol, and possession of an open container of alcohol in violation of the Code of Ordinances of the Town of

The incident occurred on September 16, 2016 when the arresting officer, David Bowman [("Officer Bowman")], on foot patrol, approached Michael Panas [("Mr. Panas")] and [] [Appellee], both of whom were standing with labeled cans of beer in the middle of the street in front of 144 East Ridge Ave., in the Town of Bloomsburg[. Notes of Testimony (N.T.), 2/21/2017, at 5]. Another officer took [] [Appellee] aside and Officer Bowman interviewed Mr. Panas. During that conversation, Mr. Panas dropped a cellophane wrapper to the ground. Initially, Mr. Panas denied knowing anything about the cellophane package[. *Id*. at 15]. Officer Bowman asked Mr. Panas if it contained cocaine and Mr. Panas stated that it did. Officer Bowman asked Mr. Panas from whom Mr. Panas acquired the cocaine, and Mr. Panes told Officer Bowman that Mr. Panas had just purchased the cocaine from [] [Appellee] and that [] [Appellee] had "a lot more ...in his pocket." [*Id*. at 6]. Officer Bowman then went over to [] [Appellee], who was being cited for underage possession of alcohol by another officer [*Id*. at 6], and Officer Bowman placed [] [Appellee's] hands behind his back and "began to pat him down, search him to arrest." [*Id*. at 6]. Officer Bowman found $218.00 in currency, some other currency rolled up in a manner which facilitated the snorting of cocaine[,] and a plastic bag which contained [thirteen] grams of cocaine. [*Id*. at 7-8].

On cross examination, Officer Bowman stated that he did not search [] [Appellee] because of his suspicion that [] [Appellee] had consumed alcohol while underage and out of an open container in a public street, but "because Mr. Panas told me he had more cocaine in his [the [Appellee's]] pockets." [*Id*. at 9]. Officer Bowman repeatedly acknowledged that he patted [] [Appellee] down "because of the information [he] got from Mr. Panas that [] [Appellee] had cocaine on him." [*Id*. at 13-14].

Officer Bowman acknowledged that he had never dealt with Mr. Panas previously[. *Id*. at 15] []. [] Officer Bowman confirmed that he only arrested [] [Appellee] after [] [Appellee]

---

Bloomsburg. 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), 780-113(a)(32); 18 Pa.C.S. § 6308(a); and Town of Bloomsburg Ordinance § 6-502 (relating to the purpose of part 5 consumption of alcohol and open containers), respectively.

was searched and after cocaine was found on [] [Appellee] pursuant to the pat down search[. *Id*., at 17 ].

Trial Court Opinion, 5/1/2017, at 1-2. The Appellee and Mr. Panas were not tried as co-defendants. N.T., 2/21/2017, at 16-17. Following a hearing, in March 2017, the suppression court granted Appellee's motion to suppress physical evidence, namely, the currency (including the rolled-up currency) and narcotics.

The Commonwealth timely filed a notice of appeal. In April 2017, the Commonwealth timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion in May 2017.

On appeal, the Commonwealth raises the following issue for our review:

1. Whether the lower court erred as a matter of law in concluding that the cocaine seized from the [Appellee] was not the product of a valid search incident to arrest and was, therefore, subject to suppression?

Commonwealth's Brief at 3.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Evans*, 153 A.3d 323, 327 (Pa.2016) (citing *Commonwealth v. Wallace*, 42 A.3d 1040, 1047–48 (Pa. 2012) (*en banc*)). Where the court grants a suppression motion, we consider only the defendant's evidence and the Commonwealth's evidence that "remains uncontradicted when read in the context of the record as a whole."

***Commonwealth v. Brown***, 64 A.3d 1101, 1104 (Pa. Super. 2013). When reviewing the propriety of a suppression order, we are required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. ***Commonwealth v. Peterson***, 17 A.3d 935, 937 (Pa. Super. 2011) (citing ***Commonwealth v. Moyer***, 954 A.2d 659, 663 (Pa. Super. 2008)). Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. ***Id***. Additionally, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." ***Commonwealth v. Gallagher***, 896 A.2d 583, 585 (Pa. Super. 2006) (citation omitted).

In its single claim of error, the Commonwealth contends that Appellee was validly searched incident to arrest. Commonwealth's Brief at 8-16. This assertion is premised upon Appellee's arrest being proper. We conclude that Appellee's arrest was lawful, as the facts and circumstances known to Officer Bowman prior to his search of Appellee established probable cause to arrest Appellee for the sale of narcotics.

"[A] search conducted without a warrant is presumed to be unreasonable unless it can be justified under a recognized exception to the search warrant requirement." ***Commonwealth v. Agnew***, 600 A.2d 1265,

1271 (Pa. Super. 1991). "One such exception is a search which is incident to a lawful arrest." **Id**. As this Court has previously noted:

> It is axiomatic that the validity of a warrantless arrest is determined by considering "whether, at the moment the arrest was made, the officer had probable cause to make it," **Beck v. Ohio**, 85 S. Ct. 223, 225, (1964), and the person arrested is believed to be the guilty party.

**Commonwealth v. Mallory**, 614 A.2d 1174, 1176 (Pa. Super. 1992), *appeal denied*, 621 A.2d 578 (Pa. 1993). Probable cause to effectuate a warrantless arrest exists when:

> "the facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that the arrestee has committed an offense." **Commonwealth v. Romero**, 673 A.2d 374, 376 (Pa. Super. 1996). In making this determination, this Court has held that "[p]robable cause for a warrantless arrest requires only the probability, and not a *prima facie* showing, of criminal activity." **Id**. at 377 (emphasis in original) (citing **Commonwealth v. Quiles**, 619 A.2d 291, 298 (Pa. Super. 1993) (*en banc*)).

**Commonwealth v. Rickabaugh**, 706 A.2d 826, 835–36 (Pa. Super. 1997) (some formatting added).

In the instant case, the Commonwealth avers that Mr. Panas' admission to participation in criminal activity established sufficient probable cause to justify the arrest of Appellee. Commonwealth's Brief at 8-16. We agree.

"[T]he uncorroborated confession of an accomplice which implicates the suspect will supply the probable cause for a warrantless arrest." **Commonwealth v. Zook**, 615 A.2d 1, 6 (Pa. 1992) (recognizing that sufficient probable cause existed to execute the warrantless arrest of

defendant where declarant provided defendant with information to commit crime and implicated defendant; plus the declarant's statement against penal interest to conspiracy established reliability); *see also Commonwealth v. Johnson*, 354 A.2d 886, 890 (Pa. 1976) (probable cause existed to arrest defendant without warrant for murder when a third party confessed that defendant had helped him kill the victim); *Commonwealth v. Rush*, 326 A.2d 340, 341 (Pa. 1974) (police had probable cause to arrest defendant without warrant where co-conspirator implicated defendant); *Commonwealth v. Kenney*, 297 A.2d 794, 796 (Pa. 1972) (confession of co-defendant which implicated defendant established probable cause).

Further, a statement against the penal interest of a declarant suggests the reliability of the statement. *Commonwealth v. Miller*, 439 A.2d 1167, 1169 (Pa. 1982) (noting, "[t]he personal involvement of the declarant assures direct knowledge of the source of the information and the self[-]implication tends to suggest the reliability of the statement"); *see also Commonwealth v. Glover*, 412 A.2d 855, 857 (1980).

Here, the officers observed Appellee with a labeled can of beer in violation of a Town of Bloomsburg Ordinance and learned thereafter that Appellee possessed the alcohol while underage. N.T., 2/21/2017, at 5. Officer Bowman could not legally arrest Appellee solely for these summary offenses

under the present facts.[3]  However, during Officer Bowman's conversation with Mr. Panas, Mr. Panas implicated himself in criminal activity and likewise implicated Appellee.

While "standing face to face" in conversation with Mr. Panas, he observed Mr. Panas reach into his pocket and discard a cellophane package containing a white powdery substance.  N.T., 2/21/2017, at 5-6.  Mr. Panas admitted that the substance was cocaine.  *Id*.  This statement immediately exposed Mr. Panas to criminal liability for the possession of a controlled substance and was against his penal interest.  At this juncture, Officer Bowman had reason to believe Mr. Panas' statement as reliable, having seen the physical evidence of the discarded package containing white powdery substance, coupled with Mr. Panas' corroborating admission of the illegal nature of its contents.

---

[3] These violations are graded as summary offenses.  *See* Town of Bloomsburg Ordinance § 6-504 (possession of an open container); and 18 Pa.C.S. § 6308(a), respectively.  Officer Bowman was authorized by law to arrest Appellee and Mr. Panas without warrant for possession of alcohol if in addition to probable cause, there existed "ongoing conduct that imperils the personal security of any person or endangers public or private property."  42 Pa.C.S. § 8902(a)(1); Pa.R.Crim.P. 400.  At the suppression hearing, Officer Bowman conceded that Appellee did nothing to indicate that he possessed a weapon and Officer Bowman noted that Appellee was cooperative.  N.T., 2/21/2017, at 14.  The record is otherwise devoid of any observations regarding Appellee's conduct.  Thus, as Appellee's conduct did not imperil any person's security or endanger public or private property, a warrantless arrest for either summary offense would therefore, be illegal.

Mr. Panas' self-incriminating statement was directly followed by information that identified and incriminated Appellee in criminal activity closely related to his own. Mr. Panas further stated that he had just participated in a drug transaction. *Id*. When asked who sold the cocaine to him, Mr. Panas said that he received the controlled substance from Appellee, pointing at him. *Id*. Mr. Panas then stated that Appellee had "a lot more [cocaine] with him" and indicated where the cocaine could be found, in Appellee's pocket. *Id*. at 6. The information furnished against Appellee contained the source of the knowledge of Appellee's criminal activity, the preceding purchase, and the location of narcotics on an identified individual, Appellee.

Accordingly, under these circumstances, we conclude that the trial court's legal conclusion was in error, as police had sufficient cause to arrest Appellee without a warrant. *Peterson*, 17 A.3d at 937; *Rickabaugh*, 706 A.2d at 835–36. Mr. Panas' confession rendered his statement implicating Appellee reliable to a degree that did not require corroboration by police to create sufficient probable cause to arrest Appellee for the sale of narcotics. *Zook*, 615 A.2d at 6; *Miller*, 439 A.2d at 1169.[4]

---

[4] Nevertheless, the only independent observation by Officer Bowman to corroborate potential wrongdoing by Appellee consists of Officer Bowman's notation of a bulge in Appellee's front pants pocket. The notes of testimony are devoid of any detail describing the appearance of the bulge in Appellee's pocket; however, the Commonwealth supplants Officer Bowman's

Upon the information of Mr. Panas, Officer Bowman approached Appellee, placed Appellee's hands behind his back, and patted him down. N.T., 2/21/2017, at 6. Officer Bowman found $218.00 in currency, some other currency rolled up in a manner that facilitated the snorting of cocaine, and a plastic bag containing thirteen grams of cocaine. *Id*. at 7-8. The trial court expressly found that Officer Bowman searched Appellee then arrested him in response to Mr. Panas' statements. Trial Court Opinion, 5/1/2017, at 3. It is clear that a search conducted without a warrant is permissible when incident to a lawful arrest. *Agnew*, 600 A.2d at 1271. Additionally, although not well-settled, this court has previously noted that:

> [A] search conducted immediately prior to an arrest is as valid as a search conducted subsequent and incident to the arrest provided the officer had probable cause to arrest prior to the search [and] as long as the contraband discovered in the search is not used as justification or probable cause for the arrest.

*Commonwealth v. Trenge*, 451 A.2d 701, 710 n.8 (Pa. Super. 1982) (citing

*Rawlings v. Kentucky*, 100 S.Ct. 2556, 2564 (1980) (plurality opinion)

---

observations with elements that are unfounded in the record. *See* Commonwealth's Brief at 15 ("Upon approaching Garges, Bowman observed a pronounced bulge in his pocket consistent with the information just provided by Panas."). Officer Bowman did not describe the shape or size of the bulge in his testimony, and described the bulge as "large" only in the Affidavit of Probable Cause. *See* Affidavit of Probable Cause 9/17/2016; *compare* Bowman's statements, "[i]nside his right pant pocket I could see [from] the way I was standing when I was initially looking at him[,] his right front pants pockets was bulging." N.T., 2/21/2017, at 7; "I patted him down because I saw the bulge in his right pocket." *Id*. at 11. We remind the Commonwealth of its duty of candor before this Court.

(upholding search as proper where police had probable cause to place defendant under arrest and the formal arrest followed quickly on the heels of the challenged search of defendant's person). Therefore, Officer Bowman's search of Appellee was permissible, as Officer Bowman had probable cause to arrest Appellee at the time of the search and arrested him forthwith. Moreover, none of the items found in the search was used as justification for Appellee's arrest.

Accordingly, the facts and circumstances within the knowledge of Officer Bowman were reasonably trustworthy and sufficient to justify a person of reasonable caution in believing that Appellee sold narcotics. ***Rickabaugh***, 706 A.2d at 835–36. Therefore, the trial court improperly suppressed the evidence found during the search of Appellee's person.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018