J-S61025-17

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| v. | : | |
| KIRK GOLDING | : | No. 2992 EDA 2016 |

Appeal from the Order August 24, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004684-2016

BEFORE:   LAZARUS, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                **FILED FEBRUARY 20, 2018**

The Commonwealth of Pennsylvania appeals from the August 24, 2016 order granting Appellee's motion to suppress physical evidence.[1]  We affirm.

We derive the following statement of facts and procedure underlying the charges against Appellee, Kirk Golding, from the Court of Common Pleas opinion.

> [In June 2015, Appellee] was stopped by State Trooper Nicholas Borrelli on suspicion of [driving under the influence ("DUI")] and read the following chemical testing warning:
>
> 1. You are under arrest for driving under the influence of alcohol or controlled substance in violation of Section [3]802 of the Vehicle Code;

---

[1] We note that the instant appeal is properly before this Court as the Commonwealth may take an interlocutory appeal as of right from a pretrial suppression order when the Commonwealth certifies that the order will terminate or substantially handicap the prosecution.  **See** Pa.R.A.P. 311(d); **Commonwealth v. Knoeppel**, 788 A.2d 404, (Pa. Super. 2001), *reargument denied*, *appeal denied*, 806 A.2d 859, 569.

* Retired Senior Judge assigned to the Superior Court.

2. I am requesting that you submit to a chemical testing of blood. If you refuse to submit to the chemical test, your operating privileges will be suspended for at least [twelve] months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for [eighteen] months. In addition, if you refuse to submit to the chemical test and you are convicted of violating Section 3802(A)(1) relating to impaired driving of the Vehicle Code, then because of your refusal, **you will be subject to more severe penalties** set forth in 3804(C) relating to penalties of the Vehicle Code. These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol which include a minimum of seventy-two [] consecutive hours in jail and a maximum fine of $10,000[.]

[Notes of Testimony (N.T.),] 8/24/2016[,] at 9-11 (emphasis added).[] After receiving this information, [Appellee] complied with the blood draw, blood was in fact taken from [Appellee], and sent to be analyzed by a drug laboratory. *Id*. at 11. [In December 2015, Appellee] filed and litigated a motion to suppress in [Philadelphia] Municipal Court that did not challenge implied consent law, i.e., deeming it constitutionally valid to require motorists to submit to a blood draw by virtue of enjoying his/her driving privilege without a warrant. *Id*. at 2.[2] Thereafter, [Appellee] was convicted at trial in Municipal Court and [in May 2015], subsequently filed an appeal for a trial *de novo* in the [Philadelphia] Court of Common Pleas under Pennsylvania Rule[] of Criminal Procedure 1006(1)(a). *Id*. [In June 2016, the Supreme Court of the United States decided **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016), which held that a state may not impose criminal penalties on the refusal to submit to a warrantless blood test.[3] Appellee filed an omnibus pretrial motion asserting, among other things, that physical evidence should be suppressed as it was obtained in violation of Appellee's constitutional rights and his consent was involuntary.] During [Appellee's] trial *de*

---

[2] The Municipal Court record was not included in the certified record transmitted to this Court on appeal.

[3] The U.S. Supreme Court's decision was premised on a conclusion that blood tests taken pursuant to certain implied consent laws are an unconstitutional invasion of privacy. **Birchfield** 136 S. Ct. at 2178.

*novo* before this Court [in August 2016], counsel for [Appellee] timely filed and litigated a motion to suppress the results of the blood draw pursuant to **Birchfield**[. (N.T.), 8/24/2016, at 2-3. Counsel for Appellee cited Pennsylvania Rule of Criminal Procedure 581 to assert that the *de novo* court could properly hear a motion to suppress where the opportunity did not previously exist or the interests of justice so require.]

Trial Court Opinion, 12/20/2016, at 2-3. After hearing the arguments of Appellee and the Commonwealth, the Court of Common Pleas sitting as a *de novo* court, granted Appellee's motion to suppress the blood draw evidence, noting:

> Based upon **Birchfield**, this is a new area and … [i]t says right here, motorists cannot be deemed to have consented to submit to a blood test on pain on committing a criminal offense. It goes on to say voluntariness of the consent must be dealt with in the totality of the circumstances and the circumstances [here] being the O'Connell warnings[4] which were read which indeed does advise individuals of additional criminal penalties under **Birchfield**. I'm granting the motion.

N.T., 8/24/2016, at 7-8.

Additionally, the following stipulated evidence was entered into the record: (1) that Appellee was read the aforementioned chemical testing warnings by Trooper Borrelli pursuant to arrest, (2) an affidavit signed by Appellee and Trooper Borrelli which documented that Appellee was read the

---

[4] "**O'Connell** warnings are the standard advisement of the requirements of Pennsylvania's implied consent law and the consequences of refusal to submit to a requested chemical test." **Commonwealth v. Myers**, 164 A.3d 1162 n.3 (Pa. 2017) (citing **Commonwealth, Department of Transportation, Bureau of Traffic Safety v. O'Connell**, 555 A.2d 873 (Pa. 1989)); **see also Pa. Dep't of Transp., Bureau of Driver Licensing v. Weaver**, 912 A.2d 259 (Pa. 2006).

warnings, (3) the property receipt of Appellee's blood, and (4) that Appellee's blood was sent to a laboratory for analysis and was indeed analyzed. N.T., 8/24/2016, at 9-11.

In September 2016, the Commonwealth contemporaneously filed a notice of appeal and a Pa.R.A.P. 1925(b) statement. In December 2016, the court issued a responsive opinion.

On appeal, the Commonwealth raises the following issues for our review:

1. After [Appellee] appealed the denial of his motion to suppress his admission that he had smoked marijuana prior to driving, did the Common Pleas Court, sitting as an appellate court,[5] err in allowing him to present a second motion to suppress, raising a waived claim that his consent to chemical testing was coerced?

2. Did the lower court err in granting [Appellee's] barred and waived second suppression claim without conducting a hearing?

Commonwealth's Brief at 4.

"Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." ***Commonwealth v. Evans***, 153 A.3d 323, 327 (Pa. 2016) (citing

---

[5] Although Appellee exercised his option to appeal *de novo* to the Court of Common Pleas, we reject the Commonwealth's characterization that the Court of Common Pleas was "sitting as an appellate court" in conducting a trial *de novo*. The distinct functions of the Court of Common Pleas following an appeal from the Municipal Court are discussed herein.

***Commonwealth v. Wallace***, 42 A.3d 1040, 1047–48 (Pa. 2012) (*en banc*)).
Where the court grants a suppression motion, we consider only the defendant's evidence and the Commonwealth's evidence that "remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. Brown***, 64 A.3d 1101, 1104 (Pa. Super. 2013). When reviewing the propriety of a suppression order, we are required to determine whether the record supports the suppression court's factual findings and whether the inferences and legal conclusions drawn by the suppression court from those findings are appropriate. ***Commonwealth v. Peterson***, 17 A.3d 935, 937 (Pa. Super. 2011) (citing ***Commonwealth v. Moyer***, 954 A.2d 659, 663 (Pa. Super. 2008)). Where the record supports the factual findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. ***Id***.

The Commonwealth's first issue is two-pronged. The Commonwealth argues that (1) it was procedurally improper for the Court of Common Pleas to consider Appellee's suppression motion at trial *de novo*, and (2) that Appellee's argument was waived for his failure to raise the issue before the Philadelphia Municipal Court. Commonwealth's Brief at 10-20. For the following reasons, we conclude that the *de novo* court properly entertained Appellee's suppression motion, as the interests of justice so required. Additionally, we conclude that Appellee's suppression argument was not waived.

As an initial matter, we note that the *de novo* court relied on the "interests of justice" exception recognized in Pennsylvania Rule of Criminal Procedure 581(B) to justify its authority to hear Appellee's motion. Rule 581 governs the suppression of evidence in a court case and provides two exceptions to waiver of a motion to suppress evidence:

> (A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

> (B) **Unless the opportunity did not previously exist**, **or the interests of justice otherwise require**, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

Pa.R.Crim.P. 581 (A)-(B) (formerly Rule 323; renumbered as Rule 581 effective 2001) (emphasis added). "Whether 'the opportunity did not previously exist, or the interests of justice otherwise require ...' is a matter for the discretion of the trial judge." ***Commonwealth v. Williams***, 323 A.2d 862, 864 (Pa. Super. 1974) (citing ***Commonwealth v. Pinno***, 248 A.2d 26, 29 (1968)).

Recently this Court held that a *de novo* court may rely on either Pa.R.Crim.P. 581(B) or Philadelphia Court Criminal Division Rule 630 to entertain an untimely motion to suppress, where the "interest of justice" exception, as found in either rule, is met. ***Commonwealth v. Torres***, ___ A.3d ___, 2017 Pa. Super. 381 (filed December 8, 2017) (recognizing that as

- 6 -

the interests of justice exception is present in both Pa.R.Crim.P. 581(B) and Rule 630, the analysis under the statewide rule versus the local rule is the same because the language is identical).

Similar to Pa.R.Crim.P. 581(B), Philadelphia Court Criminal Division Rule 630 specifically includes an "interests of justice" exception:

> **(C)** Unless the interests of justice otherwise require, failure to make a timely application prior to or at Municipal Court trial shall be deemed to be a waiver of the issue of the admissibility of such evidence at any subsequent trial.

Phila.Co.Crim.Div. Rule 630(C); **Commonwealth v. Johnson**, 146 A.3d 1271, 1275 (Pa. Super. 2016) (explaining interaction of Pennsylvania rules and supplemental local Philadelphia rules), *appeal denied*, 158 A.3d 1242 (Pa. 2016); **Commonwealth v. Williams**, 125 A.3d 425, 428 (Pa. Super. 2015) (repeating the general rule that, "although the local courts have broad authority to promulgate local rules of procedure, local rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly."). The plain language of Section (C) permits a defendant to untimely seek the suppression of evidence, at any subsequent trial, where the interests of justice require.

The phrase the "interests of justice" has been interpreted in the context of Pa.R.Crim.P. 581(B) and its predecessors. The interests of justice exception is properly invoked where (1) an untimely motion is premised upon significant, new grounds that implicate the fundamental fairness of the proceedings and (2) its merit is readily apparent. As our Supreme Court explained:

> The 'interests of justice' exception to rule 323(b) [later renumbered 581(B)] was borrowed from its predecessor, Pa.R.Crim.P. 2001(b), and is designed to grant a trial judge the discretion to excuse a failure to file a pre-trial motion. *Pinno*, 248 A.2d at 29. It has been said that such discretion should be exercised where 'the merits of counsel's oral motion were so apparent that justice required that it be heard.' *Williams*, 323 A.2d at 866.

*Commonwealth v. Hubbard*, 372 A.2d 687, 692–93 (Pa. 1977) (some formatting added) (overruled on other grounds by *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002)); *see also Commonwealth v. Long*, 753 A.2d 272, 280 (Pa. Super. 2000) (concluding the trial court did not abuse its discretion in considering defendant's untimely suppression motion where defendant had significant new grounds to contend that there was a lack of reasonable suspicion by the officer and circumstances suggested that defendant's motion had "apparent merit"). "This concept of 'in the interest of justice' is merely a recognition of the trial court's discretionary power to ensure the fairness of the proceedings during the adjudicatory stage." *Commonwealth v. Powell*, 590 A.2d 1240, 1243 (Pa. 1991).

Here, the Court of Common Pleas properly invoked the exception, as (1) *Birchfield*, decided while Appellee's trial *de novo* was pending, implicated the fundamental fairness of that proceeding, and (2) the Commonwealth's stipulation that the arresting officer conveyed *O'Connell* warnings to Appellee evidenced apparent merit to Appellee's motion to dismiss.

Recent precedent from the United States Supreme Court has precipitated a seismic shift in our implied consent jurisprudence. In

***Birchfield***, the United States Supreme Court recognized that "[t]here must be a limit to the consequences to which motorists may be deemed to have consented by virtue of a decision to drive on public roads." ***Birchfield***, 136 S. Ct. at 2185. Of particular significance, ***Birchfield*** held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." ***Id.*** at 2186. Accordingly, this Court has recognized that Pennsylvania's implied consent scheme, as codified at 75 Pa.C.S. § 1547, was unconstitutional insofar as it threatened to impose enhanced criminal penalties for the refusal to submit to a blood test. ***Commonwealth v. Ennels***, 167 A.3d 716, 724 (Pa. Super. 2017) (noting that "implied consent to a blood test cannot lawfully be based on the threat of such enhanced penalties"); ***Commonwealth v. Evans***, 153 A.3d 323, 330-31 (Pa. Super. 2016). In tandem, the ***O'Connell*** warnings, which recited enhanced criminal penalties as a consequence of refusing a blood draw under Pennsylvania's implied consent law, were rendered presumptively coercive in nature. ***See Commonwealth v. Kurtz***, --- A.3d --- (Pa. Super. 2017) (recognizing "[c]onsent must at least be freely given to be effective. This means there must be a total absence of duress or coercion, express or implied.") (citing ***Commonwealth v. Harris***, 239 A.2d 290, 293 (Pa. 1968)); ***see also Ennels***, 167 A.3d at 718–19, 722 (affirming the suppression of a blood test based on the finding that the defendant was informed he could receive enhanced penalties if he refused the test).

- 9 -

We reject the Commonwealth's baseless assertion that **Birchfield** did "not create an intervening change in the law[,]" as this conclusion is belied by the bevy of case law promulgated by this Commonwealth in **Birchfield's** wake. Commonwealth's Brief at 12, 21-23; *see Commonwealth v. Haines*, 168 A.3d 321 (Pa. Super. 2017); **Commonwealth v. Grays**, 167 A.3d 793 (Pa. Super. 2017); **Commonwealth v. Myers**, 164 A.3d 1162 (Pa. 2017); **Ennels**, 167 A.3d 716 (Pa. Super. 2017); **Commonwealth v. Giron**, 155 A.3d 635 (Pa. Super. 2017); **Evans**, 153 A.3d 323.

We now address the apparent merit of Appellee's motion at his subsequent trial *de novo*. Appellee's counsel sufficiently demonstrated through argument that the interests of justice required the motion to suppress be heard. When Appellee had the opportunity to argue a suppression motion before the Municipal Court, the law of implied consent was well-settled in this Commonwealth. **Birchfield** was decided after Appellee's Municipal Court trial and sentencing, but prior to the start of his trial *de novo*. Our review of the record reveals that all of the facts are uncontradicted, as the Commonwealth and Appellee's counsel stipulated that (1) Appellee was read **O'Connell** warnings by Trooper Borrelli pursuant to arrest, (2) Appellee and Trooper Borrelli signed an affidavit documenting that Appellee was read the warnings, (3) Appellee's blood was taken and placed on a property receipt, and (4) that Appellee's blood was sent to a laboratory for analysis and was indeed analyzed. N.T., 8/24/2016 at 9-11. Accordingly, Appellee's suppression motion had apparent merit, and we discern no abuse of discretion in the *de*

*novo* court's decision to consider same in the interests of justice. ***Torres***, at 3-4.

The Commonwealth contends in its second prong that Appellee's ***Birchfield*** claim at the Court of Common Pleas was waived, as the claim was not raised in the lower court, here, the Philadelphia Municipal Court. Commonwealth's Reply Brief at 3-5, ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Specifically, the Commonwealth notes that "even constitutional claims may be waived if not raised in the lower court." Commonwealth's Reply Brief at 3-5. The Commonwealth correctly observes that "in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at 'all stages of adjudication up to and including the direct appeal.'" ***Commonwealth v. Tilley***, 780 A.2d 649, 652 (Pa. 2001) (quoting ***Commonwealth v. Cabeza***, 469 A.2d 146, 148 (Pa. 1983)). Verily, this Court has previously observed that "[t]he waiver rule applies with equal force to the Philadelphia Municipal Court." ***Commonwealth v. Douglass***, 701 A.2d 1376, 1379 (Pa. Super. 1997) (citing ***Commonwealth v. Dennis***, 695 A.2d 409, 411 (Pa. 1997)).

Further, we recognize that our Supreme Court has held that a defendant's constitutional right to a trial *de novo* in the Court of Common Pleas does not generally include relitigation of pre-trial motions to suppress conducted in the Philadelphia Municipal Court. ***Commonwealth v.Harmon***, 366 A.2d 895, 899 (Pa. 1976). Noting that the option for Municipal Court

defendants to appeal for a trial *de novo* was instituted to avoid conflict with the constitutional right of trial by jury, the **Harmon** Court observed that:

> automatic relitigation of the pre-trial suppression decision serves no useful purpose and would unnecessarily further encumber a procedure which was intended to expedite and not delay the disposition of the case load before our courts.

**Harmon**, 366 A.2d at 899 (emphasis added).

For these reasons, Appellee's motion, based on a new rule of law and raised for the first time on appeal, would ordinarily result in waiver. Yet, as in **Torres**, we decline to find waiver here in light of the interest of justice exceptions present in Pa.R.Crim.P. 581(B) and Rule 630 equally applicable to a defendant seeking trial *de novo*. **Torres**, at 3 n. 5. Here, the *de novo* court expressly granted Appellee's motion in the interests of justice. **See** Trial Court Opinion, 12/20/2016, at 7-9.

In the instant case, the stipulated evidence entered into the record supports the *de novo* court's factual findings and the legal conclusions drawn therefrom. The *de novo* court found that Appellee was read impermissible **O'Connell** warnings before he consented to the blood draw, and the court concluded his consent was thereby coerced under the totality of the circumstances. Trial Court Opinion, 12/20/2016, at 2-3. These observations are supported by the record and are consistent with **Birchfield**.[6] **See Ennels**,

---

[6] Additionally, this Court held in **Ennels** that the **Birchfield** prohibition on warrantless blood draws for persons driving under the influence applies with equal force to individuals suspected of DUI of controlled substances. **Ennels**, 167 A.3d at 721-24.

167 A.3d 716. By raising his constitutional claim based on an intervening change in the law at the earliest possible moment, Appellee developed the record before the *de novo* court to facilitate this Court's meaningful evaluation on appellate review. For these reasons, we decline to find waiver.

In its second issue, the Commonwealth asserts that the *de novo* court erred in granting Appellee's suppression claim without conducting a hearing. Commonwealth's Brief at 8, 23-24. We note first that a hearing did, in fact, take place and note secondly that this issue was not raised before the *de novo* court and is therefore waived. *See* Pa.R.A.P. 302(a).[7]

In connection with the motion to suppress, the *de novo* court held a hearing wherein it placed in effect sequestration for any potential witnesses, solicited argument from Appellee and the Commonwealth, and entered exhibits into the record. Two discussions were held on the record about whether to call witnesses for the hearing or to rely strictly on the exhibits as

---

[7] Appellee, in his brief, argues in the alternative that the Commonwealth waived its claim for failure to include same in its voluntary Pa.R.A.P. 1925(b) statement. *See* Appellee's Brief at 19-20; Pa.R.A.P. 1925(b)(4)(viii). The Commonwealth offers in rebuttal that where no 1925(b) statement is ordered, an omission of a claim from a voluntary 1925(b) statement does not constitute waiver. Commonwealth's Reply Brief at 7-8. Because the Commonwealth's claim is waived for failure to raise it before the *de novo* court, we need not address this argument. Nevertheless, we note that the Commonwealth's argument is not persuasive. *See Commonwealth v. Nobles*, 941 A.2d 50, 51–52 (Pa. Super. 2008) (finding that where the court does not order an appellant to file a 1925(b) statement and the appellant *sua sponte* files a 1925(b) statement, she is limited on appeal to raising only those issues she presented in her voluntary Rule 1925(b) statement).

evidence; however, the Commonwealth did not call witnesses. **See** N.T., 8/24/2016 at 5-6. Additionally, the Commonwealth stipulated to all of the aforementioned evidence entered as part of the suppression motion and at no time took exception to the nature of the hearing proceedings. It was the Commonwealth's burden to show that the Appellee's consent was constitutional, and the Commonwealth made no attempt to meet its burden. **Evans**, 153 A.3d at 327. The Commonwealth, therefore, is precluded from insisting in hindsight that it should have been afforded the opportunity to put on additional evidence. Pa.R.A.P. 302(a).

Accordingly, we discern no error in the legal conclusions by the *de novo* court and discern no abuse of discretion in the court's decision to hear Appellee's untimely suppression motion in the interests of justice.

Order affirmed. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/20/2018*